## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

MATTHEW APPLEGATE,                )
                                  )
            Plaintiff,            )
                                  )
      v.                          )   3: 13-CV-596-J
                                  )
DIVERSIFIED CONSULTANTS, INC.,    )
                                  )
            Defendant.            )

## COMPLAINT

NOW COMES the Plaintiff, MATTHEW APPLEGATE, by and through his attorneys, LAW OFFICES OF THOMAS GIBBONS, and for his complaint against the Defendant, DIVERSIFIED CONSULTANTS, INC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.      MATTHEW APPLEGATE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the County of Laurens, State of South Carolina.

5.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

1

6.     The debt that Defendant was attempting to collect from Plaintiff was incurred, upon information and belief, for the personal use and/or household expenditure by a third-party named James Galt (hereinafter, "the Debt").

7.     DIVERSIFIED CONSULTANTS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of South Carolina.  Defendant is incorporated in the State of Florida.

8.     The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9.     Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10.     During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11.     At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.     ALLEGATIONS

13.     In or around January 2012, Defendant began initiating telephone calls to Plaintiff in an attempt to collect the Debt.

2

14.     From in or around January 2012, to the present, Plaintiff has received multiple telephone calls from Defendant in an attempt to collect the Debt.

15.     On multiple occasions during the course of the aforesaid time period, multiple telephone calls were initiated by Defendant to Plaintiff at his home telephone number in an attempt to collect the Debt.

16.     Upon information and belief, at the time Defendant initiated the aforesaid telephone calls to Plaintiff, Defendant knew or reasonably should have known that the telephone number to which it was calling was Plaintiff's telephone number.

17.     Upon information and belief, the Debt was incurred by an individual named "James Galt".

18.     Plaintiff has no relationship to James Galt.

19.     Plaintiff is not James Galt.

20.     Plaintiff is not legally responsible and/or obligated to pay for any debts allegedly incurred by James Galt.

21.     Plaintiff is not legally responsible and/or obligated to pay the Debt.

22.     Plaintiff never provided Defendant with consent to initiate telephone calls to his home telephone number.

23.     Plaintiff never provided Defendant with his home telephone number.

24.     Plaintiff never provided Defendant with his home telephone number in relation to the Debt.

25.     During the aforesaid time period, and on multiple occasions therein, at the time Defendant initiated telephone calls to Plaintiff's home telephone number, Defendant engaged in multiple telephone conversations with Plaintiff.

3

26.     During the aforesaid telephone calls, Defendant's duly authorized representatives requested to speak to an individual named James Galt.

27.     During the course of the aforesaid telephone calls, on multiple occasions, Plaintiff informed Defendant that he was not James Galt.

28.     During the course of the aforesaid telephone calls, on multiple occasions, Plaintiff informed Defendant that he did not know James Galt.

29.     During the course of the aforesaid telephone calls, on multiple occasions, Plaintiff informed Defendant that he neither worked nor lived with James Galt.

30.     During the course of the aforesaid telephone calls, on multiple occasions, Plaintiff informed Defendant that it had called the wrong telephone number.

31.     During the course of the aforesaid telephone calls, on multiple occasions, Plaintiff requested that Defendant cease initiating telephone calls to his home telephone number.

32.     During the course of the aforesaid telephone calls, on multiple occasions, Plaintiff requested that Defendant remove his home telephone number from its call list.

33.     During the course of the aforesaid telephone calls, on multiple occasions, Plaintiff informed Defendant that he did not owe the Debt.

34.     Despite Plaintiff having advised Defendant of the aforesaid information, on multiple occasions, during the aforesaid time period, Defendant continued to initiate telephone calls to Plaintiff's home telephone number in a further attempt to collect the Debt.

35.     Subsequent to the aforesaid telephone calls between Plaintiff and Defendant, Defendant had information in its possession that Plaintiff was not the individual who owed the Debt.

4

36.     Subsequent to the aforesaid telephone calls between Plaintiff and Defendant, Defendant had information in its possession that Plaintiff's home telephone number was not the telephone number at which Defendant could reach the individual who owed the Debt.

37.     Subsequent to the aforesaid telephone calls between Plaintiff and Defendant, Defendant was cognizant that Plaintiff was not the individual who owed the Debt.

38.     Subsequent to the aforesaid telephone calls between Plaintiff and Defendant, Defendant was cognizant that Plaintiff's home telephone number was not the telephone number at which Defendant could reach the individual who owed the Debt.

39.     Despite Plaintiff having advised Defendant of the aforesaid information, on multiple occasions, during the aforesaid time period, Defendant continued to initiate telephone calls to Plaintiff's home telephone number in a further attempt to collect the Debt.

40.     Among the many telephone calls Defendant initiated to Plaintiff in an attempt to collect the Debt, Defendant initiated telephone calls to Plaintiff on the following dates:

      a.    One (1) telephone call on or about February 7, 2013;

      b.    One (1) telephone call on or about February 14, 2013;

      c.    One (1) telephone call on or about February 15, 2013;

      d.    Two (2) telephone calls on or about February 19, 2013;

      e.    Two (2) telephone calls on or about February 21, 2013;

      f.    Two (2) telephone calls on or about February 22, 2013;

      g.    One (1) telephone call on or about February 25, 2013; and,

      h.    One (1) telephone call on or about February 26, 2013.

41.     Upon information and belief, Defendant knew or reasonably should have known Plaintiff would find Defendant's conduct, in initiating multiple telephone calls to Plaintiff's home telephone, to be harassing.

42.     Upon information and belief, Defendant knew or reasonably should have known Plaintiff would find Defendant's conduct, in initiating multiple telephone calls to Plaintiff's home telephone, to be abusive.

43.     Plaintiff was upset, frustrated and inconvenienced at Defendant's conduct, as delineated above, in initiating multiple telephone calls to his home telephone number to collect a debt Plaintiff was not legally obligated to pay.

44.     The repetitive calls made by Defendant to Plaintiff were disturbing, harassing, and had the effect of making Plaintiff feel concerned and suspicious about answering the telephone.

45.     In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

      a.     Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

      a.     Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5); and,

      b.     Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

46.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

47.   Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MATTHEW APPLEGATE, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

        a.      All actual compensatory damages suffered;

        b.      Statutory damages of $1,000.00;

        c.      Plaintiff's attorneys' fees and costs;

        d.      Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**MATTHEW APPLEGATE**

By: _____

Thomas Gibbons
Attorney for Plaintiff

Dated: April 25, 2013

Thomas Gibbons (Atty. No.: 490334)
LAW OFFICES OF THOMAS GIBBONS
7262 NW 58th Way.
Parkland, FL 33067
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:   thomasjgibbons@gmail.com

7