UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MATTHEW APPLEGATE

    Plaintiff,

v.                              CASE NO: 3:13-cv-596-J-34-JRK

DIVERSIFIED CONSULTANTS, INC.

    Defendant.
_____/

**DEFENDANT, DIVERSIFIED CONSULTANTS, INC.'S,
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, the Defendant, DIVERSIFIED CONSULTANTS, INC. ("DCIS"), by and through its undersigned counsel, and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint and herein states as follows:

1. Admitted for the purposes of claims identification, jurisdiction and venue only; otherwise denied.

**JURISDICTION AND VENUE**

2. Admitted for the purposes of jurisdiction and venue only; otherwise denied.

3. Admitted for the purposes of venue only; otherwise denied.

**PARTIES**

4. Admitted for purposes of jurisdiction only; otherwise denied.

5. Admitted.

6. Unknown at this time; therefore denied.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted to the extent that Defendant utilizes the U.S. Postal Service and telephone communications for its collection business; otherwise denied.

11. It is unknown at this time as to whether the characterization of the status of the debt obligation satisfies Section 1692a(6); therefore denied.

12. Unknown at this time; therefore denied.

## FACTUAL ALLEGATIONS

13. Unknown at this time; therefore denied.

14. Unknown at this time; therefore denied.

15. Unknown at this time; therefore denied.

16. Unknown at this time; therefore denied.

17. Unknown at this time; therefore denied.

18. Unknown at this time; therefore denied.

19. Unknown at this time; therefore denied.

20. Unknown at this time; therefore denied.

21. Unknown at this time; therefore denied.

22. Unknown at this time; therefore denied.

23. Unknown at this time; therefore denied.

24. Unknown at this time; therefore denied.

25. Unknown at this time; therefore denied.

26. Unknown at this time; therefore denied.

27. Unknown at this time; therefore denied.

28. Unknown at this time; therefore denied.

29. Unknown at this time; therefore denied.

30. Unknown at this time; therefore denied.

31. Unknown at this time; therefore denied.

32. Unknown at this time; therefore denied.

33. Unknown at this time; therefore denied.

34. Unknown at this time; therefore denied.

35. Unknown at this time; therefore denied.

36. Unknown at this time; therefore denied.

37. Unknown at this time; therefore denied.

38. Unknown at this time; therefore denied.

39. Unknown at this time; therefore denied.

40. Unknown at this time; therefore denied.

41. Unknown at this time; therefore denied.

42. Unknown at this time; therefore denied.

43. Unknown at this time; therefore denied.

44. Unknown at this time; therefore denied.

45. Denied as to each part and sub-part stated herein.

46. Denied.

## **DEMAND FOR JURY TRIAL**

47. Defendant DCI seeks trial by jury of any remaining issues following the resolution of any dispositive motions anticipated to be filed by the Defendant.

## AFFIRMATIVE DEFENSES

First Affirmative Defense

1.     Defendant affirmatively alleges that the alleged actions of the Defendant and its agents and employees are protected by the "bona fide error" defense pursuant to the Fair Debt Collection Practices Act since such actions or inactions, if they occurred, were not intentional and resulted from a bona fide error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such an errors.

Second Affirmative Defense

2.     Defendant affirmatively alleges that to the extent that any allegations exceed one (1) year under the Fair Debt Collection Practices Act from the date of filing the Complaint, such claims or allegations are barred by the respective statute of limitations.

Third Affirmative Defense

3.     Defendant affirmatively alleges that the Debtors failed to mitigate his damages, if any, in this case.

Fourth Affirmative Defense

4.     Defendant affirmatively alleges that the Defendant lacked the requisite actual intent to violate Section 1692d(5)

Fifth Affirmative Defense

5.     Defendant affirmatively alleges that Plaintiff has failed to avail himself of statutory remedies under the FDCPA, namely providing Defendant a written notice to cease and desist further communication.

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's Complaint at Plaintiff's cost, and that Defendant be awarded reasonable attorney fees and costs as provided for under applicable law.

Dated this 9th day of July, 2013.

Respectfully submitted,

*/s/Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esquire
Florida Bar No. 0110108

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document has been electronically filed on **July 9, 2013,** with the Clerk of the Court by using the CM/ECF system, which Notice will be electronically mailed to: Thomas Gibbons, Esquire of Law Offices of Thomas Gibbons at thomasjgibbons@gmail.com *(Counsel for Plaintiff).*

/s/ *Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
Florida Bar No. 0110108
Kohlmyer@urbanthier.com
Urban, Thier, Federer & Chinnery, P.A.
200 S. Orange Avenue, Suite 2000
Orlando, FL 32801
Telephone    407-245-8352
Facsimile    407-245-8361
*Attorney for Defendant*